UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON WARD, | No. 2:17-cv-0734 MCE DB PS |
| Plaintiff, | |
| v. | ORDER |
| NATIONAL RAILROAD CORPORATION, | |
| Defendant. | |

This action came before the undersigned on August 4, 2017, for hearing of defendant's motion to dismiss.[1] (ECF No. 14.) Plaintiff Elton Ward appeared in person on his own behalf. Attorney Selim Mounedji appeared telephonically on behalf of the defendant. After hearing oral argument, defendant's motion was taken under submission.

For the reasons stated below, defendant's motion to dismiss is granted and plaintiff is granted leave to file an amended complaint.

BACKGROUND

Plaintiff commenced this action on April 6, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) The complaint alleges that on April 7, 2014, plaintiff purchased

---

[1] Plaintiff is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

"a superliner roomette ticket, to travel on an AMTRAK train from Sacramento CA to St. Louis MO . . . ." (Compl. (ECF No. 1) at 3.) On April 10, 2014, "a passenger manifest was created," and "plaintiff ended up being the only black male within the roomette portion of the manifest." (Id.)

"Between April 10, 2014 and April 12, 2014," defendant "willfully and unlawfully shared all the passenger's information" with the Galesburg Illinois Police Department "for the purpose of conducting passenger background checks prior to the AMTRAK train making it into Galesburg Illinois." (Id.) When plaintiff's train arrived in Galesburg, Illinois, Galesburg Illinois Police Department officers Ming and Carnes boarded the train and proceeded "directly to the train car and room of the plaintiff." (Id.) The officers "escorted plaintiff from the train to be detained at their police station" pending the resolution of a search warrant. (Id. at 4.)

Based on these allegations, the complaint asserts three causes of action pursuant to 42 U.S.C. § 1983. On May 25, 2017, defendant filed the pending motion to dismiss but noticed it for hearing before the assigned District Judge in violation of the Local Rules. (ECF Nos. 5 & 7.) On May 30, 2017, defendant re-noticed the motion for hearing before the undersigned. (ECF No. 8.)

Plaintiff filed an opposition to defendant's motion on June 12, 2017. (ECF No. 9.) Defendant filed a reply on June 30, 2017. (ECF No. 10.) The matter came for hearing before the undersigned on July 7, 2017. (ECF No. 11.) However, the hearing of defendant's motion was continued to August 4, 2017, as noted above, due to defense counsel's failure to appear at the July 7, 2017 hearing. (ECF No. 11.)

STANDARDS

I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)[2]

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

---

[2] Defendant's motion fails to identify a specific provision of Rule 12(b) of the Federal Rule of Civil Procedure, stating only that it is brought pursuant to Rule "12(b)." (Def.'s MTD (ECF No. 5) at 1.) The undersigned assumes that defendant's motion is brought pursuant to Rule 12(b)(6).

2

sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

////

ANALYSIS

Defendant's motion to dismiss argues this "action is barred by the statute of limitations because Plaintiff filed the Complaint on April 6, 2017, nearly three years after the" events at issue.[3] (Def.'s MTD (ECF No. 5) at 3.) In this regard, 42 U.S.C. § 1983 does not contain a specific statute of limitations. Accordingly, federal courts apply the forum state's statute of limitations for personal injury actions. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, the complaint alleges that the unlawful conduct occurred no later than April 12, 2014. (Compl. (ECF No. 1) at 3.) Plaintiff did not bring this action until April 6, 2017, almost 3 years after the alleged unlawful conduct. (ECF No. 1.) Plaintiff argues in opposition that "the criminal prosecution and sentence tolls plaintiff's case until his release . . . on January 2, 2016," and is further tolled "from February 24, 2016 through October 2nd, 2016 for a second commitment." (Pl.'s Opp.'n (ECF No. 9) at 3.)

Federal courts also apply the forum state's laws with respect to tolling of the statute of limitations insofar as state law is not inconsistent with federal law. Jones, 393 F.3d at 297. In California, incarceration of the plaintiff is a disability that tolls the statute for a maximum of two years. See Cal. Civ. P. Code § 352.1. The plaintiff's arrest and incarceration trigger tolling under § 352.1. See Elliott v. City of Union City, 25 F.3d 800, 802-03 (9th Cir. 1994).

////

////

---

[3] Defendant's reply also argues that plaintiff's action is barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). (Def.'s Reply (ECF No. 10) at 4-5.) That argument was not raised in defendant's motion to dismiss. The court is not required to consider arguments raised for the first time in a reply brief. Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007); see, e.g., Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

1 | Here, plaintiff would be entitled to tolling during the period of his initial incarceration.
2 | However, a copy of the "SENTENCING ORDER," submitted as part of plaintiff's opposition,
3 | indicates that plaintiff was only initially incarcerated for 35 days. (Pl.'s Opp.'n (ECF No. 9) at
4 | 7.) Tolling the running of the statute of limitations for 35 days would not render this action
5 | timely.

6 | Moreover, once a prisoner is released from incarceration the statute of limitations starts to
7 | run again, and subsequent incarceration will not reinstate the tolling. See Boag v. Chief of Police,
8 | 669 F.2d 587, 589 (9th Cir. 1982) (holding disability of imprisonment ceased upon prisoner's
9 | release on parole and was not reinstated by reincarceration), cert. denied, 459 U.S. 849 (1982);
10 | Williams v. Coughlan, 244 F.2d 6, 8 (9th Cir. 1957) (holding statute of limitations not tolled after
11 | prisoner released). Accordingly, plaintiff is not entitled to tolling for the "second commitment"
12 | running from February 24, 2016, through October 2, 2016. (Pl.'s Opp.'n (ECF No. 9.) at 3.)

LEAVE TO AMEND

For the reasons stated above, defendant's motion to dismiss must be granted. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

////

Here, plaintiff's opposition states that these claims were "not discovered until a later date through criminal litigation, that defendants played a part in the search, arrest and conviction of plaintiff." (Pl.'s Opp.'n (ECF No. 9) at 3.) At the August 4, 2017 hearing, plaintiff claimed that he did not learn of defendant's conduct until November of 2015. Those allegations, however, are not alleged in the complaint.

Unlike the determination of the length of the statute of limitations or tolling thereof, federal courts apply federal law in determining when a § 1983 cause of action accrues. "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir. 2015). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)); see also Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling).

In this regard, it appears that plaintiff may be able to amend the complaint to address the running of the statute of limitations. Plaintiff, therefore, is granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in any amended complaint plaintiff may elect to file, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff is cautioned that any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's May 25, 2017 motion to dismiss (ECF No. 5), re-noticed for hearing before the undersigned on May 30, 2017 (ECF No. 8), is granted;

2. Plaintiff's April 6, 2017 complaint (ECF No. 1) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[4]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

4. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  November 6, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ward0734.mtd.ord

---

[4] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

7