UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON WARD, | No. 2:17-cv-0734 MCE DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NATIONAL RAILROAD CORPORATION, | |
| Defendant. | |

This action is before the undersigned on defendant National Railroad Passenger Corporation service mark Amtrak's, ("Amtrak"), motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] (ECF No. 22.) For the reasons stated below, defendant's motion to dismiss should be granted and plaintiff's amended complaint dismissed without leave to amend.

## BACKGROUND

Plaintiff commenced this action on April 6, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) On November 7, 2017, plaintiff's complaint was dismissed and plaintiff was granted leave to file an amended complaint. (ECF No. 15.) Plaintiff filed an

---

[1] Plaintiff is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

amended complaint on November 28, 2017.  (ECF No. 16.)  Therein, plaintiff alleges that on April 7, 2014, plaintiff purchased, "via the internet . . . . a superliner roomette ticket, to travel on an AMTRAK train from Sacramento CA to St. Louis MO."  (Am. Compl. (ECF No. 1) at 3.)  On April 10, 2014, "a passenger manifest was created," and "plaintiff ended up being the only black male within the roomette portion of the manifest."  (Id.)

"Between April 10, 2014 and April 12, 2014," defendant "willfully and unlawfully shared all the passenger's information" with the Galesburg Illinois Police Department "for the purpose of conducting passenger background checks prior to the AMTRAK train making it into Galesburg Illinois."  (Id.)  When plaintiff's train arrived in Galesburg, Illinois, Galesburg Illinois Police Department officers Ming and Carnes boarded the train and proceeded "directly to the train car and room of the plaintiff."  (Id.)  The officers "escorted plaintiff from the train to be detained at their police station" pending the resolution of a search warrant.  (Id. at 4.)  Based on these allegations, the amended complaint asserts three causes of action pursuant to 42 U.S.C. § 1983.  (Id. at 5-6.)

On December 12, 2017, defendant filed the pending motion to dismiss.  (ECF No. 17.)  Plaintiff filed an opposition on January 3, 2018.  (ECF No. 18.)  Defendant filed a reply on January 8, 2018.  (ECF No. 20.)  On January 31, 2018, defendant's motion to dismiss was taken under submission.  (ECF No. 22.)

## STANDARDS

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v.

1 | Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

ANALYSIS

Defendant's motion to dismiss argues, in relevant part, that plaintiff's amended complaint fails to plead facts sufficient to show that plaintiff is entitled to any relief. (Def.'s MTD (ECF No. 17) at 2.) And defendant is correct. In this regard, the only defendant named in the amended complaint is Amtrak. (Am. Compl. (ECF No. 16) at 2.) The amended complaint's causes of action are brought pursuant to 42 U.S.C. § 1983. (Id. at 5-6.)

"Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Thus, plaintiff "may not maintain a claim against Amtrak based on respondeat superior." Spencer v. National R.R. Passenger Corp., 141 F.Supp.2d 1147, 1149 (N.D. Ill. 2001). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978).

"To sufficiently plead a Monell claim and withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint 'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" Johnson v. Shasta County, 83 F.Supp.3d 918, 930 (E.D. Cal. 2015) (quoting AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the amended complaint makes no mention of a policy or custom. See Prince v. Acheson, - - - F. Supp.3d - - - , 2018 WL 1629138, at *2 (D. D.C. Apr. 4, 2018) ("Even if Amtrak is a state entity—a debatable proposition—Prince never alleges that Acheson, the General Counsel, has herself violated his rights in any way. Similarly, Plaintiff has not alleged that the entity Defendants (Amtrak and Amtrak Police) implemented or executed any policy to violate his constitutional rights."); Greco v. National R.R. Passenger Corp., No. Civ. A. 02-CV-6862, 2005 WL 1320147, at *16 (E.D. Pa. June 1, 2005) ("Instead, Plaintiff must identify a specific Amtrak policy or custom that proximately caused the violation of [plaintiff's] constitutional rights.").
////

The amended complaint does allege that the defendant engaged in "unlawful profiling of plaintiff due to race and gender," and that as a "proximate result of the defendant's prejudgment of plaintiff based on an unjust racial stigmatization," that plaintiff was deprived of equal protection. (Am. Compl. (ECF No. 16) at 5.) However, the amended complaint fails to allege any facts that would establish how defendant Amtrak was aware of plaintiff's race or gender when defendant allegedly unlawfully shared plaintiff's passenger information with the Galesburg Illinois Police Department, or how a policy or custom of defendant Amtrak discriminated against plaintiff based on race and/or gender. (Am. Compl. (ECF No. 16) at 5.)

The amended complaint goes on to allege that defendant's actions "violated plaintiff's right to not be subjected to unreasonable seizure guaranteed under the 4th Amendment of the United States Constitution." (Id.) However, according to the amended complaint's allegations, it was officers Mings and Carnes of the Galesburg Illinois Police Department who seized plaintiff. (Id. at 3.)

Finally, the amended complaint alleges that defendant Amtrak violated the Privacy Act of 1974. (Id. at 6.) The elements of a disclosure claim under the Privacy Act are: (1) the information is covered by the Act as a "record" contained in a "system of records"; (2) the agency disclosed the information improperly; (3) the disclosure had an adverse effect on the plaintiff; (4) the disclosure was willful or intentional; and (5) the plaintiff suffered actual damages. Stafford v. Social Sec. Admin., 437 F.Supp.2d 1113, 1117 (N.D. Cal. 2006); see also Doe v. Chao, 540 U.S. 614, 620 (2004) (actual damages are a required element of Privacy Act claims).

The amended complaint, however, fails to allege any of the elements necessary for a Privacy Act claim. Moreover, it appears that "the Privacy Act does not apply to Amtrak." U.S. v. Jackson, 381 F.3d 984, 990 (10th Cir. 2004) (citing Ehm v. National R.R. Passenger Corp., 732 F.2d 1250, 1255 (5th Cir. 1984)).

## LEAVE TO AMEND

For the reasons stated above, defendant's motion to dismiss should be granted and plaintiff's amended complaint dismissed. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted.

Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend. Accordingly, the undersigned will recommend that plaintiff not be granted leave to amend.[2]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's December 12, 2017 motion to dismiss (ECF No. 17) be granted;

2. The November 28, 2017 amended complaint (ECF No. 16) be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////

////

////

---

[2] If plaintiff can identify a policy or custom of the defendant that proximately caused a violation of plaintiff's constitutional rights, plaintiff should allege such in any objections to these findings and recommendations. "In a Monell claim, there are three ways to show a policy or custom . . . : (1) by showing a longstanding practice or custom which constitutes the 'standard operating procedure' of the . . . entity; (2) by showing that the decision-making official was . . . a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." Rosenbaum v. City and County of San Francisco, 484 F.3d 1142, 1155 (9th Cir. 2007) (citation and quotation omitted).

1 | Any reply to the objections shall be served and filed within seven days after service of the
2 | objections. The parties are advised that failure to file objections within the specified time may
3 | waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
4 | 1991).

Dated: June 8, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ward0734.mtd.f&rs